Filed 7/14/14  P. v. Rangel CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>NELSON RANGEL,<br><br>        Defendant and Appellant. | B251902<br><br>(Los Angeles County<br>Super. Ct. No. BA406186) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Terry A. Bork, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On approximately December 14, 2012, at 7:00 a.m., Betty Hunyh was preparing to take her 17-year-old daughter to school. Hunyh was in her 1996 Lexus with the engine running in the driveway of her home in Montebello. Hunyh got out of the car to go inside her house to get her driver's license and her daughter. Hunyh had left her car running, and when she returned less than five minutes later, the car was gone.

Hunyh's daughter called the police.

Deputy Sheriff Andrew Hernandez was on patrol in his marked vehicle with his partner Deputy Raymond Mendoza at approximately 6:30 p.m. on December 27, 2012, when he observed a 1996 Lexus matching the description of Hunyh's stolen vehicle. The car was driving slowly in the opposite direction and Deputy Mendoza shone his light on it. Deputy Hernandez got a good look at defendant, who was driving, and there was a woman in the passenger seat. Defendant had a shaved head, and was wearing a black jacket and a flannel checkered shirt.

The car sped away and turned right. Deputy Hernandez heard a crash and when he pulled up to the car, he saw that it had crashed into another car. No one was in the car. Deputy Mendoza observed defendant and the female occupant of the car running away, and he saw them run into the driveway of an apartment complex. Deputy Hernandez called for a containment area. About five to seven minutes later, he learned that defendant had been detained, and went to the location where defendant was detained and identified defendant. Deputy Hernandez was "100 percent sure" of his identification of defendant as the driver of the Lexus. Deputies were unable to locate the female passenger of the car.

Deputy Julio Aguirre apprehended defendant because defendant matched the description of the individual who had fled from a stolen vehicle. Defendant was running. Defendant did not have any bruises or injuries on him.

An expert in witness identification testified that eyewitness identification even under the best of circumstances was "as reliable as . . . flipping a coin." The human eye is

2

not a camera.  Factors influencing identification included the length of time the person is observed and the stress of the situation.  Eyewitness identification is no more valid than the procedure used to obtain it.  For example, with respect to a field show-up, the procedure inherently suggests the answer, and therefore before an identification, an admonition that the person being shown may or may not be the perpetrator.  Furthermore, the inherent suggestiveness of the procedure carries a higher risk of misidentification.  Therefore, it is important to get a detailed description of the suspect before the field show-up.

## PROCEDURAL HISTORY

An information filed February 14, 2013 charged defendant with one count of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), and one count of receiving stolen property, motor vehicle (Pen. Code, § 496d, subd. (a)).[1]  The information further alleged as to both counts two prior serious or violent felony convictions within the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subd. (a)–(d)), and that he had suffered prior prison terms (Pen. Code, § 667.5, subd. (b)).

The jury found defendant guilty of both counts.  After waiving his rights, defendant admitted his prior convictions.  On September 19, 2013, the court sentenced defendant to four years in state prison, consisting of the midterm of two years on the unlawful driving conviction, doubled under the Three Strikes law, and stayed sentence on count 2 pursuant to section 654.  On April 14, 2014, the court amended its sentencing minute order to reflect that the court struck the two section 667.5, subdivision (b) prior prison term allegations pursuant to section 1385.

We appointed counsel to represent defendant on appeal.  After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record.  On May 9, 2014, we advised defendant he had 30 days within which to personally submit any contentions or issues he wished us to consider.  To

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

3

date, we have received no response. We have examined the entire record and are satisfied that defendant's attorneys have fully complied with their responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, Acting P. J.


MILLER, J.*

---

    **\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.